# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MICHAEL TODD WHITNER,** | **CASE NO. 8:07CV263** |
| Plaintiff, | |
| v. | **MEMORANDUM** |
| | **AND ORDER** |
| **RICK'S CAFÉ, LLC, and** | |
| **RICK'S CAFÉ HOLDINGS, LLC,** | |
| Defendants. | |

This matter is before the Court on the Amended Motion to Dismiss or, in the Alternative, Motion for Summary Judgment of Defendant Rick's Café Holdings, L.L.C. (Filing No. 7). Rick's Café Holdings has submitted a brief (Filing No. 8) and Index of Evidence (Filing No. 9) in support of its motion. The statement of facts in the brief is supported by pinpoint citations to the evidence as required by the local rules of this Court. (NECivR 56.1(a)). The Plaintiff, Michael Todd Whitner ("Whitner"), has not responded to the motion. For the reasons stated below, the motion will be granted and Whitner's claims against Rick's Café Holdings will be dismissed.

## FACTS

The Amended Complaint (Filing No. 4) refers to the Defendant Rick's Café, L.L.C., and Defendant Rick's Café Holdings, L.L.C., collectively as "Rick's Café." Whitner alleges that he was employed at Rick's Café from 2002 until May 9, 2005, when his employment was terminated. He further alleges that during his employment, he was subjected to a hostile work environment and was unfairly demoted. He presents four claims for relief: (1) hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) demotion in violation of Title VII[1]; (3) termination based on race in violation of Title VII; and (4) discrimination based on race in violation of the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 48-1104, in connection with his termination and "otherwise." (Filing No. 4, ¶ 30).

Rick's Café Holdings has submitted evidence demonstrating that it is not an employer under Title VII or the Nebraska Fair Employment Practice Act because it has no employees. (Affidavit of Lowell Frederes, Filing No. 9-2, ¶ 10). Rick's Café Holdings also contends that Whitner has failed to exhaust his administrative remedies and that his action is not timely filed.

## STANDARD OF REVIEW

Because the Court is considering evidence submitted by Rick's Café Holdings, the motion will be treated as one for summary judgment. See Fed. R. Civ. P. 12(d).

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Davison v. City of Minneapolis*, 490 F.3d 648, 654 (8th Cir. 2007). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

---

[1] It is unclear whether this cause of action alleges discrimination on the basis of race, or retaliation for some protected activity.

477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324–25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249–50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

## DISCUSSION

Because Whitner has failed to respond to the motion, brief, and index of evidence submitted by Rick's Café Holdings, the statement of facts in the brief (Filing No. 8, pp. 2-3) is admitted. See NECivR 56.1(b)(1). Rick's Café Holdings is not an employer as defined in Title VII (42 U.S.C. § 2000e(b)) or in the Nebraska Fair Employment Practices Act (Neb. Rev. Stat. § 48-1102(2)(Reissue 2004)), and Whitner has failed to state a cause of action

3

against Rick's Café Holdings in any of the four claims presented in the Amended Complaint. The Amended Complaint will be dismissed as to the Defendant Rick's Café Holdings. The Court need not address in this memorandum and order the question of whether Whitner failed to exhaust his administrative remedies or whether Whitner's action was timely filed.

Accordingly,

    IT IS ORDERED:

    1.  The Motion to Dismiss or, in the Alternative, Motion for Summary Judgment of Defendant Rick's Café Holdings, L.L.C. (Filing No. 7) is granted;

    2.  All claims against Defendant Rick's Café Holdings, L.L.C., in the Plaintiff's Amended Complaint are dismissed; and

    3.  The Clerk will remove Defendant Rick's Café Holdings, L.L.C. from the caption in this case.

    DATED this 21st day of December, 2007.

                                              BY THE COURT:

                                              s/Laurie Smith Camp
                                              United States District Judge