IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL TODD WHITNER,** | ) | **CASE NO. 8:07CV263** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **RICK'S CAFÉ, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion to Dismiss, submitted by Defendant Rick's Café, L.L.C. ("Rick's Café") (Filing No. 12). Rick's Café has submitted a brief (Filing No. 13) and Index of Evidence (Filing No. 14) in support of its motion. The Plaintiff, Michael Todd Whitner ("Whitner"), has responded in opposition. (Filing Nos. 17, 18). For the reasons stated below, the motion will be granted in part, and Whitner's Fourth Claim for Relief, based on an alleged violation of Nebraska's Fair Employment Practice Act, will be dismissed, with prejudice.

**FACTS**

In his Amended Complaint (Filing No. 4) Whitner alleges that he was employed at Rick's Café from 2002 until May 9, 2005, when his employment was terminated. He further alleges that during his employment, he was subjected to a hostile work environment and was unfairly demoted. He presents four claims for relief: (1) hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) demotion in violation of Title VII[1]; (3) termination based on race in violation of Title VII; and (4) discrimination based on race in violation of the Nebraska Fair

---

[1] It is unclear whether this cause of action alleges discrimination on the basis of race, or retaliation for some protected activity.

Employment Practice Act, Neb. Rev. Stat. § 48-1104, in connection with his termination and "otherwise." (Filing No. 4, ¶ 30).

Rick's Café has moved to dismiss the Amended Complaint, alleging that Whitner failed to serve Rick's Café with the summons and Amended Complaint within the 120-day period provided in Fed. R. Civ. P. 4(m). Rick's Café has also moved to dismiss Whitner's Fourth Claim for Relief, brought under the Nebraska Fair Employment Practice Act, because Whitner failed to file his action within 90 days of the issuance of a no-reasonable-cause determination by the Nebraska Equal Opportunity Commission ("NEOC") as required by Neb. Rev. Stat. 48-1120.01 (Reissue 2004).

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(4) provides that a party may assert by motion the defense of "insufficient process." Fed. R. Civ. P. 12(b)(5) provides that a party may assert by motion the defense of "insufficient service of process." When the motion to dismiss is based on a plaintiff's failure to effect service of process within 120 days after the filing of a complaint, the court has discretion to determine whether the action should be dismissed without prejudice, or whether the plaintiff should be directed to effect service within a specified time. Fed. R. Civ. P. 4(m); *Edwards v. Edwards*, 754 F.2d 298, 299 (8th Cir. 1985).

Fed. R. Civ. P. 12(b)(6) provides that a party may assert by motion the defense of "failure to state a claim upon which relief can be granted." If, on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." (Fed. R. Civ. P. 12(d)). Because the Court is considering evidence submitted by Rick's Café on the

2

issue of the timeliness of the filing of Whitner's action, the motion presented under Fed. R. Civ. P. 12(b)(6) will be treated as one for summary judgment.

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Davison v. City of Minneapolis*, 490 F.3d 648, 654 (8th Cir. 2007). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*quoting* Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324–25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249–50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

## DISCUSSION

*Sufficiency of Process and Service of Process*

Fed. R. Civ. P. 4(m) provides:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rick's Café notes that Whitner filed his Complaint against Rick's Café on July 9, 2007; amended the Complaint on October 3, 2007, to add another defendant[2]; obtained issuance of summons for Rick's Café on November 28, 2007; and effected service on Rick's Café on December 27, 2007. Accordingly, Rick's Café argues that Whitner did not effect service until 171 days after the filing of the Complaint and the action should be dismissed.

Whitner argues that, after he filed his original Complaint, he came to believe that Rick's Café Holdings, L.L.C., was either the correct defendant in this action or was the registered agent for Rick's Café, and, accordingly, Whitner amended his Complaint to add Rick's Café Holdings, L.L.C., as a defendant and proceeded to effect service on that company. Whether or not Whitner's misunderstanding was reasonable, this Court does

---

[2]Whitner's action against Rick's Café Holdings, L.L.C., was dismissed on December 21, 2007 (Filing No. 11).

4

have discretion in exercising its power to dismiss an action for failure of a plaintiff to effect timely service.  See *Edwards*, 754 F.2d at 299.  Because such a dismissal would be without prejudice, and because service of process has now been effected, the Court concludes that such a dismissal would not be in the interests of justice nor would it conserve judicial resources.

*Timeliness of Action under Nebraska's Fair Employment Practice Act*

Neb. Rev. Stat. § 48-1120.01 (Reissue 2004) provides:

> The deadline for filing an action directly in the district court is ninety days after the complainant receives notice of the last action the commission will take on the complaint or charge.  When entering the last action on the complaint or charge, the commission shall issue written notice of such ninety-day deadline to the complainant by certified mail, return receipt requested.  The last action on the complaint or charge includes the issuance of the final order after hearing, the determination of reasonable cause or no reasonable cause, and any other administrative action which ends the commission's involvement with the complaint or charge.

Rick's Café has submitted an index of evidence with a copy of the NEOC determination of "no reasonable cause," dated February 5, 2007, which includes the notice that the "deadline for filing an action directly in state district court is 90 days after the receipt of this notice."  (Filing No. 14-3).  The Nebraska Supreme Court has held that the timely filing of an appeal from a decision of the NEOC is mandatory to confer jurisdiction on a court asked to review a final judgment or order of the NEOC.  See *Transcon Lines, Inc. v. O'Neal*, 429 N.W.2d 718, 720-21 (Neb. 1988)(considering appeal deadline in Neb. Rev. Stat. § 48-1120 (Reissue 1984)).

Whitner has submitted no evidence and presented no legal argument in opposition to the dismissal of his fourth cause of action.  He merely states that "the first, second and third causes of action outlined in the Plaintiff's complaint do not pertain to the Nebraska

Fair Employment Practices Act, Neb. Rev. Stat. § 48-1104, and should not be dismissed." (Whitner's "Response to Motion to Dismiss," Filing No. 17, p.2). Accordingly, Whitner has failed to come forward with specific facts showing that there is any genuine issue for trial on his Fourth Claim for Relief, and Rick's Cafe's motion to dismiss that claim will be granted.

IT IS ORDERED:

1. The Motion to Dismiss filed by Defendant Rick's Café, L.L.C. (Filing No. 12) is granted in part:

  a. The Plaintiff's Fourth Claim for Relief in his Amended Complaint, alleging a violation of the Nebraska Fair Employment Practice Act is dismissed, with prejudice;

  b. The Defendant's Motion to Dismiss is otherwise denied; and

2. The Defendant Rick's Café, L.L.C., will respond to the first three claims in the Amended Complaint on or before February 18, 2008.

DATED this 6th day of February, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

6