IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL TODD WHITNER,** | ) | **CASE NO. 8:07CV263** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **RICK'S CAFÉ, L.L.C.,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion for Reconsideration (Filing No. 22). The Defendant, Rick's Café, LLC, accurately represents that the Court denied its motion to dismiss before Rick's Café, LLC, had an opportunity to file its reply brief. Because the Court ruled in advance of that deadline, the Defendant's motion for reconsideration will be granted. As part of the motion for reconsideration, the Defendant has asked the Court to consider the arguments contained in its brief filed in support of its motion for reconsideration as if they were presented in the reply brief. The Court has carefully considered these arguments. The Defendant's brief argues that the Plaintiff failed to obtain service of process on the Defendant, Rick's Café, LLC, in a timely manner, and that the Plaintiff's case should be dismissed with prejudice based on the expiration of the statute of limitations.

There is nothing to be gained by waiting for additional briefing. The Defendant's brief in support of the motion for reconsideration has been considered in reply to the Plaintiff's brief in opposition to the Defendant's motion to dismiss. For that reason, the Court will not permit additional briefing on the motion for reconsideration.

Procedural Background

On July 9, 2007, the day before the statute of limitations would have run on his claim, Plaintiff Michael Todd Whitner filed his Complaint against Defendant Rick's Café, LLC (hereafter "Defendant").  Pursuant to Fed. R. Civ. P. 4(m), Whitner had 120 days after filing to obtain service of process on the Defendant.  On October 3, 2007, the Complaint was amended to add a second defendant, Rick's Café Holdings, LLC ("Holdings").  On October 5, 2007, a summons was issued as to Holdings, which was served on Holdings on October 24, 2007.  On or about November 7, 2007, the 120 days provided for service under Rule 4(m) expired.  Though Whitner had timely served Rick's Café Holdings, LLC, Whitner had not yet served the Defendant.

On November 13, 2007, Holdings filed the motion to dismiss, arguing in part that it did not have an employment relationship with Whitner.  The Court agreed and dismissed Holdings on December 21, 2007.  (Filing No. 11).  On November 28, 2007, more than 120 days after the Complaint was filed, Whitner requested a summons to be issued for the Defendant.  Whitner served Rick's Café, LLC, on December 27, 2007.  On January 15, 2008, the Defendant moved to dismiss based on deficiencies in the service of process under Rules 4(m) and 12(b)(4) and 12(b)(5).  After the Plaintiff responded, the Court ordered that the motion was denied as to the first, second, and third claims, and granted summary judgment as to the fourth claim.

The Court stated that if a dismissal of the action was granted based on failure to obtain service of process, such dismissal  "would be without prejudice, and because service of process has now been effected, the Court concludes that such a dismissal would not be in the interests of justice nor would it conserve judicial resources."  In its brief in

support of reconsideration, the Defendant contends that the dismissal of the Plaintiff's Complaint against the Defendant, if one had been ordered, would have been effectively with prejudice because the Plaintiff could not have refiled the action within the limitations period. That is true. However, that potential result weighs all the more in favor of permitting an extension of time to accomplish service of process. Whether to grant an extension of time to complete service of process is a matter within the Court's discretion, and must be granted upon a showing of good cause. *Edwards v. Edwards,* 754 F.2d 298, 299 (8th Cir. 1985) and Fed. R. Civ. P. 4(m).

The original Complaint against Rick's Café was timely filed. Given the similarity of name and location, there was a reasonable basis to believe, as Whitner believed, that Ricks Café Holdings was the employer and/or the registered agent for Defendant Rick's Café, LLC. Whitner properly served Rick's Café Holdings within the 120 days allowed by Rule 4(m). Because Whitner did not accurately understand the legal relationship between the two entities and himself, service of process on the Defendant was delayed. Service of process on the Defendant was obtained on December 27, 2007. No argument has been made that Rick's Café lacked actual knowledge of the lawsuit by Whitner after Rick's Café Holding was served on October 24, 2007. Based on these facts, the Court finds that good faith and a reasonable basis existed for Plaintiff's failure to timely serve the Defendant. Thus, the Court finds good cause exists to extend the time within which to obtain service of process upon the Defendant to include December 27, 2007.

The Eighth Circuit Court has stated that "[w]here a dismissal without prejudice has the actual effect of terminating a plaintiff's claim . . . a strong argument may be made for a permissive extension, at least when such an extension would cause little or no prejudice

3

to the defendant." *Colasante v. Wells Fargo Corp.*, 81 Fed. Appx. 611, 614 (8th Cir. 2003). That case is similar to the circumstances presented in this case. While the running of the statute of limitations does not require the district court to extend the time for service of process, neither does it obliterate the Court's discretion. *See Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) ("under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice.") Because Plaintiff has shown good cause for an extension, and the Defendant has not shown any material prejudice to it based on the delay in service, the Court reaffirms that the Defendant's motion to dismiss as to the first, second, and third claims is denied.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion for Reconsideration (Filing No. 22) is granted;

2. Having reconsidered the matter, the Court reaffirms the Order at Filing No. 19; and

3. The Defendant is directed to answer the first, second, and third claims on or before March 3, 2008.

DATED this 21st day of February, 2008.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge